PHOENIX COUNCIL No. 85, J. O. U. A. M. v. MARGARET BENNETT.

BY-LAW DENYING BENEFITS TO DELINQUENT MEMBER UNREASONABLE, WHEN.

A by-law of a fraternal association is unreasonable, and will not be enforced, when it in effect provides that a member who becomes sick after being in arrears, and pays up all arrears, and during his sickness the association accepts from him all dues from time to time the same as are assessed against other members, is not entitled to the benefits of the order. But a by-law denying such benefits to a delinquent member who merely pays up, after he becomes sick, all dues owing at the time his sickness commenced, is not unreasonable.

ERROR to Hamilton common pleas court.

This action was brought by Margaret Bennett against Phoenix Council No. 85, Junior Order of United American Mechanics, to recover $250 as death benefits, for which judgment was rendered in the common pleas. Bennett v. Phoenix Council, 14 Dec. 593. Cornelius Bennett, plaintiff's deceased husband, became a beneficiary of the order, October 7, 1899, and died May 22, 1901, the result of a sunstroke, occurring the latter part of July or beginning of August, 1900. His dues were. paid up to and including August 11, 1900. On that date a letter was written by the councilor, the presiding officer of the lodge and ex officio member of its relief committee, recognizing deceased's illness and inability to work. His illness was reported to the lodge, August 25. Sick benefits were refused upon the ground that he was in arrears when reported to the lodge. Deceased continued to pay his dues, sometimes falling in arrears and sometimes being ahead, but at the time of his death, May 22, 1901, was paid up to June 8. Section 1, Art. 21 of the local by-laws provides:

"Any member who shall allow himself to become in arrears for dues, and shall become sick or disabled, and apply for the benefits of this council, shall not be entitled to receive said benefits during such sickness or disability, even if he should pay all his indebtedness; nor shall he, in case of death, be entitled to funeral benefits."

**Rogers Wright,** for plaintiff in error.

**Joseph Fox** and **John R. Holmes,** for defendant in error.

**SWING, J.**

If Sec. 1, Art. 21 of the by-laws of the association means, that if a member become sick after being in arrears, and pays up all arrears, and during his sickness the association accepts from him all dues from time to time the same as are assessed against other members, but notwithstanding this he is not entitled to the benefits of the order, we think it is unreasonable and should not be enforced.

But we are inclined to hold that the true meaning of the section is, that the member is not entitled to the benefits of the order by the mere fact that after he becomes sick he pays up all back dues which were owing by him at the time the sickness commenced. This might be just and proper.

In this case the member not only paid up all back dues but continued to pay all dues during a considerable time of his sickness. In either view of the rights of the parties the judgment should be affirmed.

**Giffen** and **Jelke, JJ.,** concur.